UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER L. GRAHAM | : |
| Plaintiff | : Civil Action No. 07-4507 |
| -vs- | : OPINION AND ORDER |
| | : GRANTING PRO BONO COUNSEL |
| WARDEN OSCAR AVILES, ET AL., | : |
| Defendant | : |

## OPINION

This matter comes before the Court by way of Plaintiff Christopher L. Graham's Application for Pro Bono Counsel [Docket Entry No. 8].

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. Id. at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). While the list of factors identified in Tabron is not exhaustive, it serves as a "guidepost" for district courts. Id. at 458. Courts should "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F.3d at 157).

An analysis of the Tabron factors in this case reveals that appointment of pro bono counsel is appropriate at this time. It is apparent from Plaintiff's Complaint that the plaintiff has some difficulty in articulating his legal claims. Plaintiff's claims may not be straightforward, as they may involve a cognizable claim for a violation of his right to adequate medical care. A cognizable claim exists where an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitute deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 103-04, no. 1-6 (1976).

In the present case, Plaintiff has a disability which confines him to a wheelchair. His armrests were removed from his chair by prison officials, which caused him to fall out of the wheel chair and hit his head on the toilet. After Plaintiff hit his head, he was apparently denied medical treatment. Plaintiff alleges complaints of assault, harassment, and denial of medical care. Given the seriousness of these charges, factual investigation may be required, and may be difficult for the plaintiff to obtain because his claim is against a number of named defendants from the prison. Although Plaintiff states that a number of others, inmates and prison officials, witnessed the alleged events, this case is likely to turn on credibility determinations between the Plaintiff and the accused prison officials.

Neither the complaint nor the application for pro bono counsel provides information on whether the case will require the testimony of expert witnesses, making that determination difficult. However, it is apparent from Plaintiff's submission that he can not obtain and afford counsel on his own behalf.

Accordingly, and for the foregoing reasons, Plaintiff's application for appointment of counsel will be granted.

**ORDER**

IT IS ON THIS ___14th___ day of ___March___, 2008,

ORDERED that Plaintiff Graham's Application for Pro Bono Counsel [Docket Entry No. 6] is **GRANTED**.

_____
HON. MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE